**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**OWEN JULIUS** **PLAINTIFF**

**vs.** **Civil Action No.** 3:19-cv-741-CWR-LRA

**LUXURY INN & SUITES, LLC** **DEFENDANT**

---

**COMPLAINT
(Jury Trial Demanded)**

---

COMES NOW, Owen Julius, Plaintiff in the above styled and numbered cause, and files this Complaint against Luxury Inn & Suites, LLC, Defendant, and in support thereof would show unto the Court the following matters and facts:

**INTRODUCTION**

1. Plaintiff brings this action to recover damages resulting from the negligence of the Defendant in maintaining its property.

**PARTIES**

2. Plaintiff is an adult resident citizen of Williamson County, Tennessee.

3. Defendant is a Limited Liability Company incorporated in Mississippi, who may be served with the process of this Court by personal service anywhere in the State of Mississippi it may be found through its registered agent at 102 E. Pineview Drive Flowood, MS 39232.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendant share complete diversity because they are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this Court's district, and the Defendant is a resident within this Court's district.

**FACTS**

6. On or around January 8, 2017, Plaintiff slipped and fell on ice at the entrance of the Luxury Inn & Suites, LLC, in Florence, Mississippi. The slip and fall resulted in a fracture to his tibial plateau, a ruptured bicep tendon, and other injuries.

**FIRST CAUSE OF ACTION: PREMISES LIABILITY AND NEGLIGENCE**

7. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

8. The Plaintiff was an invitee to the business, and was injured by a natural condition on a part of the business that is immediately adjacent to its major entrance and exit. The Defendant failed to keep the main entrance, and area adjacent to the main entrance, free of ice.

9. Defendant had a duty to design, construct, deliver and maintain said premises in a reasonably safe condition and to remedy all hazardous conditions in which they had actual or constructive knowledge of, by and through inspection and those defective and hazardous conditions that were discoverable upon reasonable diligence. Defendant breached its duty and duties to foreseeable persons, specifically the Plaintiff, and due to Defendant's failure to design, construct, deliver, maintain or otherwise provide a reasonably safe premises for the use of invitees and foreseeable persons such as the Plaintiff, its failure to warn of this unsafe condition or otherwise remedy same, and other negligent acts, Plaintiff slipped and fell and as a proximate result thereof suffered serious bodily injuries. Defendant created the hazardous condition, had actual and/or constructive knowledge of the hazardous condition and failed to remedy same

within a reasonable time thereafter. Defendant had a duty to exercise reasonable care to maintain its premises in a reasonably safe condition. Defendant breached said duty by failing to adequately prepare the entryway for icy conditions and by further failing to remedy the hazardous condition after it occurred.

10. Defendant, including those responsible for the design, construction and maintenance of the main entryway, as well as proper and preventive maintenance on the subject entryway, were negligent in failing to fulfill their responsibilities created by their connection with the entryway or steps and the subject premises. Therefore, the Defendant is liable for its own acts of negligence, and vicariously liable for any employee's individual and respective negligence, failure to design construct, deliver, inspect, maintain or repair the subject entryway to a reasonably safe condition, failure to warn of any unsafe condition and otherwise negligent acts.

11. As a result of the foregoing, Plaintiff has suffered damages which were proximately caused by the negligence of the Defendant and for which he is entitled to recover actual damages in an amount sufficient to fully compensate him for his damages, and punitive damages in an amount sufficient to deter the same or similar future conduct.

**SECOND CAUSE OF ACTION: NEGLIGENT TRAINING AND SUPERVISION**

12. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13. The Defendant is culpable of the following negligent acts and/or omissions either at the time of, or prior to, the occurrence which forms the basis of this complaint:

a. Failing to make and/or enforce policies and procedures for routine maintenance and inspections of the main entryway where the slip and fall occurred;

b. Failing to make and/or enforce policies and procedures for the keeping of materials or supplies to keep the entryways and exits free of ice, or to remove ice if formed;

c. Failing to properly and adequately train employees which were under its supervision and control of the main entryways and exits.; and/or

d. Failing to otherwise properly train and supervise the duties of a groundskeeper, or maintenance staff.

14. Defendant's breach of these duties was a proximate and contributing cause of the slip and fall and the resulting injuries to the Plaintiff.

**DAMAGES**

15. As a result of Defendant's negligent acts and breaches, as set forth herein, Plaintiff suffered and continues to suffer the following damages, including those without limitation: past, present, and future medical expenses; loss of business opportunity; loss of income; emotional and mental distress; pain and suffering; and all other damages to which he is entitled under the laws of the State of Mississippi to recover

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for compensatory damages, plus reasonable attorney's fees, plus pre-judgment interest and post-judgement interest, punitive damages, costs of suit, and such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 16th day of October, 2019.

OWEN JULIUS, Plaintiff

By:/s/ Christopher J. Weldy
CHRISTOPHER J. WELDY, MSB #103995
Attorney for Plaintiff

Weldy Law Firm, PLLC
105 N. College Street
Brandon, MS 39042
T. 601-624-7460
F. 866-900-4850
Email: Chris@WeldyLawFirm.com