IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OWEN JULIUS                                                    PLAINTIFF

V.                                        CAUSE NO. 3:19-CV-741-CWR-LGI

LUXURY INN & SUITES, LLC                                       DEFENDANT

<u>ORDER</u>

Before the Court are Defendant Luxury Inn & Suites, LLC's Motion for Summary Judgment [Docket No. 42], Motion to Exclude Plaintiff's Experts [Docket No. 44], and Motion to Strike [Docket No. 53], and Plaintiff Owen Julius's Motion to Take Judicial Notice [Docket No. 49]. The matters are fully briefed and ready for adjudication. After review, Defendant's motion for summary judgment and motion to exclude Plaintiff's experts will be denied. Defendant's motion to strike and Plaintiff's motion to take judicial notice will be granted in part and denied in part.

I.      **Factual and Procedural History**

Plaintiff Owen Julius slipped and fell on ice while a guest of Defendant Luxury Inn & Suites, LLC on January 8, 2017, in Florence, Mississippi. In October 2019, Julius, a Tennessee citizen, filed a diversity action in this Court against Luxury Inn & Suites, an entity incorporated in Mississippi, alleging that his fall and subsequent injuries were a result of Defendant's negligence. He sought damages to compensate for medical expenses, loss of business opportunity, loss of income, emotional and mental distress, pain and suffering, and other relief to which he may be entitled. In sum, Julius sought compensatory and punitive damages, as well as attorneys' fees and costs.

That Julius was a guest of Defendant at the time of the incident, and that he fell on January 8, 2017, shortly after checking in while on Defendant's property, are largely the extent of the facts over which the parties agree.

Julius claims that despite being aware of the ice, Defendant failed to sufficiently warn him of the condition or promptly remove the ice. He claims that he was warned about the ice only as he was stepping onto it, and that Defendant failed to put up signage that would have warned guests about the ice. Julius also points out that Defendant was unable to produce an incident report allegedly created at the time of the accident or video surveillance that would have documented the event.

Defendant, in turn, claims that it began removing the ice immediately after becoming aware of it and warned Julius before he stepped onto the ice. Moreover, Defendant claims that one of its staff members had immediately marked the area to provide proper notice to guests. As such, Defendant seeks summary judgment and submitted its motion to that effect in November 2020.

In addition to the present motion for summary judgment, there are other issues that need to be resolved. Defendant has also moved to exclude experts that Julius has put forward to support his case. Additionally, Julius moved for this Court to take judicial notice of additional evidence concerning the weather conditions surrounding the incident, which Defendant has opposed via a motion to strike. Julius included the evidence that Defendant opposes not only in his motion for judicial notice, but also in his memorandum in opposition to Defendant's motion to exclude experts and in his memorandum in opposition to Defendant's motion for summary judgment, which were all filed on the same day in December 2020.

## II.    Discussion

Because a number of the pending motions bear on the competency of the evidence in the record before this Court, *see In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017), this order will first address Defendant's motion to exclude Plaintiff's experts, Plaintiff's motion to take judicial notice, and Defendant's motion to strike.

### A.    Motion to Exclude Plaintiff's Experts

Defendant brings a *Daubert* challenge to two of Julius's experts: Lamar T. Hawkins and Bill Brister. Julius designated Hawkins, an engineer and attorney, to "opine that the premises of Luxury Inn & Suites was not properly maintained and that failure caused or contributed to the slip and fall." Docket No. 47 at 3. Brister's role is "to render a reliable opinion about Mr. Julius's lost wages." *Id.* at 4.

When considering whether expert testimony is admissible under Federal Rule of Evidence 702, "the district court acts as a gate-keeper to ensure the proffered testimony is 'both reliable and relevant.' But the court's gate-keeper role does not ultimately replace the adversarial system, where the jury acts as arbiter of the weight assigned to conflicting opinions." *Adams v. Ethyl Corp.*, 838 F. App'x 822, 831–32 (5th Cir. 2020) (citations omitted). As the Fifth Circuit has stated:

> When evaluating the propriety of expert testimony, we turn to the Federal Rules of Evidence, which dictate the admission of expert testimony in federal trials. Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:" (1) the testimony is helpful to the trier of fact, (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case." Thus, "[e]xpert testimony is admissible only if it is both relevant and reliable."

3

*United States v. Barnes*, 979 F.3d 283, 307 (5th Cir. 2020) (quoting *United States v. Hodge*, 933 F.3d 468, 477 (5th Cir. 2019)).

Factors a court should use in assessing the reliability of expert testimony "include whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community." *Hodge*, 933 F.3d at 477 (citation omitted). When a party makes a *Daubert* claim, "[a]t a minimum, a district court must create a record of its *Daubert* inquiry and 'articulate its basis for admitting expert testimony.'" *Id.* at 476 (citation omitted). "How and when the district court expresses its reasoning can vary." *Id.*

### 1.    Lamar T. Hawkins

Defendant argues that Hawkins's opinions "are not based upon reliable methodology and/or they will not help the trier of fact to understand the evidence or to determine a fact in issue." Docket No. 45 at 1.

Upon review of Hawkins's report, deposition, and the parties' arguments, this Court denies Defendant's motion to exclude Hawkins's testimony. First, Plaintiff and the record demonstrate that the methods that Hawkins purports to use in his analysis are generally acceptable and can be tested. Hawkins sufficiently explained in his deposition the manner in which he arrived at his conclusions, which can be cross-examined and tested before a jury should he testify to the same effect. As the Supreme Court made clear in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

4

The Court is also concerned about the logical implications of Defendant's argument. To accept Defendant's argument would suggest that an expert can never use their prior knowledge about surface friction to conclude that surface conditions which are inherently temporary but are relevant to a slip-and-fall case—such as ice—present a danger. These opinions necessarily require a review of evidence (such as pictures) rather than the danger itself (ice, which had since been necessarily removed and/or otherwise melted).

Moreover, Julius has sufficiently demonstrated how Hawkins's testimony will assist the trier of fact. Accepting Defendant's argument as it is presented—which focuses on Hawkins's analysis of the friction coefficient of ice—denies the other topics that Hawkins analyzed that are relevant to the questions that a jury will confront in this case. It is for this reason that the Court concludes that Hawkins's potential testimony as it is presented will assist the jury and should not be excluded at this stage. Rather, much of Defendant's argument concerning Hawkins testimony resembles arguments appropriate for cross-examination, where it belongs so that the jury can play its proper role in the adversarial system. *See Adams*, 838 F. App'x at 831–32.

### 2. Bill Brister

Defendant presents similar arguments to assert that Brister's testimony should be excluded, taking issue with Brister's methodology and the facts he relied upon. Upon review of the record, this Court comes to the same conclusion as above.

Much of Defendant's argument about Brister revolves around the apparent simplicity of the methodology he used to calculate Julius's lost wages. But the factors that determine the admissibility of expert testimony do not hinge on whether a layman can recreate an expert's methodology or its relative simplicity. *See Hodge*, 933 F.3d at 477. Rather, Brister affirms under penalty of perjury that his methods are proper as an economist. And to the extent that such

methods are relatively simple to test and recreate, they can be easily tested via cross-examination and may assist the jury in determining the credibility of Brister's testimony, as is the jury's prerogative. These are not reasons to exclude Brister's testimony from the jury's consideration.

In sum, thus, this Court denies Defendant's motion to exclude Plaintiff's expert testimony offered by Hawkins and Brister.

**B.      Plaintiff's Motion to Take Judicial Notice and Defendant's Motion to Strike.**

Julius has moved for this Court to take judicial notice of certified weather records from the National Centers for Environmental Information. Defendant has opposed the request via a motion to strike. It questions the records' admissibility as an evidentiary matter and takes issue with the fact that they were submitted after the discovery deadline. Julius did not attach the weather records to his motion to take judicial notice, but the Court sees that they are included as an exhibit in Julius's opposition to the Defendant's motion for summary judgment. *See* Docket No. 48-8.

Federal Rule of Evidence 201 states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 422 (5th Cir. 2013). Federal Rule of Evidence 201(d) states "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Defendant asserts that these documents should not be admissible as they were produced after the discovery deadline. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), a party must provide to other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its

possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Such records should be submitted consistent with the discovery deadline set by this Court, which was November 10, 2020. *See* Text Order of June 8, 2020.[1] Moreover, as Rule 37 states, if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. As the Fifth Circuit has stated:

> In evaluating whether a violation of [R]ule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Regarding these factors, the Court finds that weather conditions are an important piece of evidence in a case involving a fall due to ice. Defendant contests how relevant the weather records may be as many of the pages reference weather from the area, and not the location of Julius's fall. While those points may impact the weight of the evidence, those arguments can be made to the fact-finder at trial; they do not prevent the admissibility of the evidence. Secondly, while Julius's motion came more than a month after the close of discovery, taking judicial notice of these weather documents at this point does not prejudice the Defendant. Any trial that might be held has been delayed due to the COVID-19 pandemic and thus Defendant has time to mount any additional defenses these weather documents would require. Defendant could always move for a continuance if one was needed in order to cure any prejudice this ruling brings. Finally,

---

[1] Julius has not argued that the purpose of such records will be limited to impeachment, and thus the broad mandate of Rule 26(a)(1) applies.

Julius asserts that Defendant did not dispute the length of time that the ice had been on the premises until its Motion for Summary Judgment, which was itself filed after the discovery deadline had passed. Julius responded promptly to this new argument by attaching the weather records in his opposition to summary judgment, then filing a separate motion seeking these records' admission. The Court finds that the late supplementation is harmless.

However, the Court cannot fully grant Julius's motion. He requests that this Court take judicial notice of the weather data to prove eight facts, some of which are central issues to the case. *See* Docket No. 49 at 2. The Court declines to take judicial notice of anything that could be inferred from the weather data itself. It is the duty of the fact-finder to make inferences from evidence. The Court will only take judicial notice of the weather records included in Docket No. 48-8 and nothing further. Thus, Julius's motion will be granted in part and denied in part. Accordingly, Defendant's motion to strike will be granted in part and denied in part.

### C. Motion for Summary Judgment

Having disposed of the evidentiary motions before it, this Court can resolve Defendant's motion for summary judgment as well. For the reasons below, this Court will deny the motion.

The standard here is a familiar one. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be viewed in a light favorable to the non-moving party, and the Court must draw reasonable inferences accordingly. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009). "A genuine dispute of material fact exists 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 315 (5th Cir. 2020) (citation omitted).

Mississippi law applies to this diversity action. Julius alleges two state-law torts on which Defendant may be found liable: (1) premises liability and (2) negligent training and supervision.

### 1.     Premises Liability and Negligence

Regarding premises liability in slip-and-fall cases such as the one brought by Julius, "the essential elements of [the] case [are] . . . that Defendants (1) had knowledge of the [hazard], either actual or constructive, and (2) that they had a sufficient time to correct it, either by cleaning up the [hazard] or warning of its presence." *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 90 (Miss. 2013) (citations omitted).[2] Importantly, "a business owner is not 'an insurer' of his patrons' safety, but must use reasonable care in maintaining his business in a safe condition." *Id.* at 89 (citation omitted). As such, "Defendants were required only to eradicate the known dangerous condition within a reasonable time or to exercise reasonable diligence in warning those who were likely to be injured because of the danger." *Id.* (quotation marks and citation omitted). This means that  "[i]n either case, however, defendants were entitled to a reasonable time in which to attempt to perform the duty imposed by law." *Id.* (quotation marks and citation omitted).

Julius, whom both parties label a business invitee for the purposes of tort law, is owed a duty by the landowner "to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view." *Renner v. Retzer Res., Inc.*, 236 So. 3d 810, 814 (Miss. 2017) (citations omitted).

Upon review of the record, Julius has demonstrated a genuine issue as to the material facts necessary for a jury to adjudicate liability. He has made a sufficient showing as to a

---

[2] Here, of course, we may substitute "ice" for "spill."

material dispute on whether Defendant had either actual or constructive knowledge of the presence of ice, and also on whether it took an unreasonable amount of time to clear the ice.

For example, Julius has produced evidence to sufficiently raise a genuine dispute over whether Defendant was on notice that there was poor weather. And regarding actual notice, the fact that Moseley—an employee—was in the process of clearing the ice at the time of the incident, at the very least, suggests that Defendant had actual notice about the conditions.

Julius has also sufficiently raised a material dispute over whether Defendant took sufficient steps to reasonably warn its invitees about the presence of the ice. The parties dispute, for example, whether there was proper signage.

Thus, on his premises liability claim, the Court denies summary judgment.

### 2.     Negligent Training and Supervision

On the second claim raised by Julius in his complaint—negligent training and supervision—this Court must also deny summary judgment.

Though Julius raises the claim in his complaint, Defendant failed to address the argument in its motion or subsequent filings. As a result, it is not before the Court today.

For the foregoing reasons, summary judgment is denied.

### III.    Conclusion

Defendant's motion for summary judgment and motion to exclude Plaintiff's experts are denied. Defendant's motion to strike and Plaintiff's motion to take judicial notice are granted in part and denied in part.

**SO ORDERED**, this the 26th day of April, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE